UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDOMIANO SANCHEZ,<br><br>         Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | Case No. 1:20-cv-00224-HBK[1]<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Doc. No. 16) |

This matter comes before the Court upon review of Plaintiff's Status Report filed February 23, 2023. (Doc. No. 18).[2] Pending before the Court is the parties' stipulated motion for award of attorney's fees filed on January 5, 2021. (Doc. No. 16). The parties agree to an award

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. Nos. 8, 9).

[2] On October 8, 2020, the then assigned magistrate judge remanded this case. (Doc. No. 14). Judgment was entered the same day and this case was closed. (Doc. No. 15). On January 5, 2021, the parties filed a Stipulation and Proposed Order for Award of Attorney Fees Under the Equal Access to Justice Act. (Doc. No. 16). Because the undersigned was not the assigned magistrate judge at that time, the undersigned did not receive the proposed order in her chambers email. Further, because the pleading was filed as a stipulation and not as a motion, the undersigned was not alerted that any pleading required the court's attention, especially because the case was closed. The parties are advised that when court attention is required for any requested relief, even if the parties stipulate to the requested relief, the parties must file as a motion. The Court apologizes for the undue delay in granting the requested relief and urges counsel in the future not to hesitate to contact chambers sooner in the future should it appear a pleading may have been overlooked.

of attorney's fees and expenses to Plaintiff's attorney, Stuart T. Barasch of the Olinsky Law Group, in the amount of $2,235.79 in attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id*.).

On October 8, 2020, this Court granted the parties' stipulated motion for a remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. No. 14). Judgment was entered the same day. (Doc. No. 15). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner does not oppose the requested relief.

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.

Based on the stipulation, the Court finds an award of $2,235.79, consisting of $2,218.54 in attorney fees and $17.25 in expenses, is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **ORDERED:**

1. The stipulated motion for attorney fees and expenses (Doc. No. 16) is **GRANTED**.

2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in the amount of $2,235.79 in attorney fees and expenses. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA

fees to Plaintiff's counsel, Stuart T. Barasch of the Olinsky Law Group, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:     February 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3